IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LEROY HEFLEY, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civ. No. 12-17-SLR |
| | ) |
| ATTORNEY GENERAL OF | ) |
| THE STATE OF DELAWARE, | ) |
| | ) |
| Respondent. | ) |

**MEMORANDUM ORDER**

At Wilmington this 18th day of April, 2012, having reviewed the above captioned case pursuant to Rule 4, 28 U.S.C. foll. § 2254;

IT IS ORDERED that petitioner Leroy Hefley's ("petitioner") pro se application for habeas relief (D.I. 2) is **DISMISSED**, for the reasons that follow:

**1. Background.** On November 29, 2007, after representing himself during a bench trial in the Delaware Court of Common Pleas, petitioner was found guilty of disorderly conduct, terroristic threatening, criminal mischief, and harassment. See Hefley v. State, 986 A.2d 1164 (Table), 2010 WL 379402, at *1 (Del. Jan. 15, 2010); (D.I. 2 at 22-23 ¶ 9) The Court of Common Pleas judge sentenced him to thirty days of imprisonment, suspended for one year of probation at Level I, and ordered petitioner to pay restitution in the amount of $100.46. See Hefley, 2010 WL 379402, at *1.

2. Petitioner appealed his convictions and sentences to the Delaware Superior Court and filed a motion to be represented by counsel during the appeal. The Superior Court denied the motion for representation by counsel, because petitioner had represented himself at trial. (D.I. 2 at 22-23 ¶ 9) Thereafter, the Superior Court

affirmed the Court of Common Pleas' verdict and sentence. (D.I. 2 at 24 ¶ 24) Petitioner's subsequent appeal to the Delaware Supreme Court was dismissed as untimely. *See Hefley*, 2010 WL 379402, at *1.

3. In July 2009, petitioner filed in the Superior Court a motion for postconviction relief pursuant to Delaware Superior Court Criminal Rule 61 ("Rule 61 motion"), alleging that the Superior Court violated his Sixth Amendment right to representation by denying the request for counsel he made during his appeal. (D.I. 2 at 25) The Superior Court summarily dismissed the Rule 61 motion, and the Delaware Supreme Court affirmed that decision. *Id.*; *see Hefley*, 2010 WL 379402, at *1. The Delaware Supreme Court explained that petitioner was not entitled to seek relief under Rule 61 because such relief is only available to defendants who are in custody under a sentence imposed by the Superior Court, and petitioner was convicted and sentenced by the Court of Common Pleas. *See Hefley*, 2010 WL 379402, at *1. Petitioner filed a petition for writ of certiorari in the United States Supreme Court, which was denied. *See Hefley v. Delaware*, 131 S.Ct. 279 (2010).

4. Thereafter, petitioner attempted to remove his criminal case to this court, the District Court of Delaware. *See State v. Hefley*, 2010 WL 2990139 (D. Del. July 27, 2010). The court summarily remanded the case to the Delaware Superior Court on July 26, 2010, and the Third Circuit Court of Appeals affirmed that decision. *See Delaware v. Hefley*, 403 F. App'x 677 (3d Cir. 2010). Petitioner filed a petition for writ of certiorari in the United States Supreme Court, which was denied. *See Hefley v. Delaware*, 132 S.Ct. 168 (2011).

5. Petitioner filed the instant application for habeas relief in January 2012,

2

alleging that the Delaware state courts violated his Sixth Amendment right to counsel by refusing his request for representation during his appeal in state court. (D.I. 2)

6. **Standard of Review**. A district court judge may summarily dismiss a habeas application "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." Rule 4, 28 U.S.C. foll. § 2254. As a general rule, a federal district court only has jurisdiction over a habeas application when the petitioner is in custody pursuant to the state court judgment "he is attacking at the time the habeas petition is filed." *Obado v. New Jersey*, 328 F.3d 716, 717 (3d Cir. 2003); 28 U.S.C. § 2254(a). Notably, although "[b]eing on probation meets the 'in custody' requirements for purposes of the habeas statute,"[1] a continuing liability under a restitution order is not enough of a restraint on liberty to constitute "custody" within the meaning of the habeas statute. *See Obado*, 328 F.3d at 717-18.

7. **Discussion**. In this case, petitioner does not allege, and the portions of the state court record provided do not establish, that he was "in custody" for habeas purposes at the time of filing in January 2012. For instance, the address listed on the application is not a Delaware Department of Correction facility, and petitioner does not assert that he is still serving the one year period of probation to which he was sentenced in 2007. Additionally, even if petitioner has not yet satisfied his obligation to pay restitution, his continuing liability to pay restitution does not constitute "custody" for

---

[1]*Lee v. Stickman*, 357 F.3d 338, 342 (3d Cir. 2004). "The meaning of "custody" has been broadened so that it is no longer limited in the § 2254(a) context to physical custody alone but also applies where individuals are subject both to significant restraints on liberty . . . which were not shared by the public generally" along with some type of continuing governmental supervision." *Obado*, 328 F.3d at 717.

3

habeas purposes. Accordingly, the court concludes that summary dismissal for lack of jurisdiction is appropriate in this case, because petitioner has not established that he was in custody as a result of the 2007 convictions at the time he filed his habeas application.

8. The court declines to issue a certificate of appealability. See 28 U.S.C. § 2253(c)(2); United States v. Eyer, 113 F.3d 470 (3d Cir. 1997); 3d Cir. L.A.R. 22.2 (2011).

IT IS FURTHER ORDERED that petitioner's motion for leave to proceed in forma pauperis (D.I. 1) is **GRANTED** for the limited purpose of issuing this Memorandum Order.

IT IS FURTHER ORDERED that petitioner's motion for an expedited trial/hearing (D.I. 5) is **DENIED** as moot.

IT IS FURTHER ORDERED that the clerk of the court shall close the case and mail a copy of this memorandum order to petitioner at his address of record.

_____
UNITED STATES DISTRICT JUDGE